Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85018
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Pete Perez**, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Saguaro Landscaping and Pool Service, L.L.C.**, an Arizona Limited Liability Company, and **Steve Mascorro and Susana Mascorro**, a Married Couple,<br><br>Defendants. | No. _____<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ.*** |

Plaintiffs, **Pete Perez** ("Plaintiff"), individually, and on behalf of all other persons similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action on behalf of themselves and all similarly-situated current and former Landscaping Foremen and Technicians[1] of Defendants Saguaro

---

[1] For the purposes of this Complaint, "Landscaping Foremen and Technicians" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff and putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

-1-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

Landscaping and Pool Services, L.L.C. ("Defendant Saguaro"), and Steve Mascorro, and Susana Mascorro (collectively, "Defendants") who were compensated at a straight-time rate for all hours worked, regardless of whether those hours exceeded 40 in any given workweek.

2. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3. Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

4. The Collective Members are all current and former Landscaping Foremen and Technicians who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees an overtime premium for all time spent working in excess of 40 hours per week.

7. Defendants engaged in the regular policy and practice of misclassifying their Landscaping Foremen and Technicians as independent contractors rather than

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

employees. Specifically, Defendants subjected Plaintiff and the Collective Members to their policy and practice of misclassifying their Landscaping Foremen and Technicians, who were employees, as independent contractors and then failing and/or refusing to pay them overtime for time they worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

8. Therefore, Defendants did not pay Plaintiff or the Collective Members the applicable overtime rate, in violation of 29 U.S.C. § 207.

## JURISDICTION AND VENUE

9. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

12. Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

13. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

14. At all material times, Plaintiff was a full-time, non-exempt employee of Defendants from approximately September 1, 2016 through approximately May 5, 2016.

15. Throughout Plaintiff Perez's entire employment, he was paid approximately $700 per week, regardless of the amount of hours he worked for Defendants.

16. At all material times, Plaintiff was employed by Defendants but classified and paid as an independent contractor. Defendants employed Plaintiff to perform various landscaping and pool service-related duties, which generally consisted of, but were not limited to, lawn mowing and edging; weed control; fertilization; pet waste removal; de-thatching; winder lawn over-seeding; installing sod; planting, pruning, shaping, cutting back, thinning, fertilizing, and removing trees; palm tree cleaning and shaving; repairing and installing pool equipment; draining pools; acid washing pools; fixing pool leaks; cleaning and repair pool tile; cleaning pool filters; installing, cleaning, and repairing masonry; installing and repairing irrigation, including drips and bubblers; installation and removal rock and gravel; installing landscaping and pool lighting; building and repairing fireplaces, fire pits, and barbeques; and other landscaping and pool service-related work that Defendants required him to do.

-4-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

17. At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

18. Plaintiff has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

19. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former Landscaping Foremen and Technicians of Defendants, including but not limited to Landscaping Foremen and Technicians who agree in writing to join this action seeking recovery under the FLSA.

20. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated current and former employees of Defendants–specifically, Landscaping Foremen and Technicians who were not paid overtime for time worked in excess of 40 hours in any given workweek and whose wages, therefore, were non-compliant with the FLSA.

21. Defendant Saguaro Landscaping and Pool Services, L.L.C. is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

22. At all relevant times, Saguaro Landscaping and Pool Services, L.L.C. owned and operated as Saguaro Landscaping and Pools, a landscaping and pool service company in Gilbert, Maricopa County, Arizona.

23. Defendants Steve Mascorro and Susana Mascorrao are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Steve Mascorro and Susana Mascorrao are owners of Saguaro Landscaping and Pool Service, L.L.C., and were at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

24. Under the FLSA, Defendants Steve Mascorro and Susana Mascorrao are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Steve Mascorro and Susana Mascorrao are the owners of Saguaro Landscaping and Pool Service, L.L.C. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Saguaro Landscaping and Pool Service, L.L.C. As persons who acted in the interest of Saguaro Landscaping and Pool Service, L.L.C. in relation to the company's employees, Steve Mascorro and Susana Mascorrao are subject to individual liability under the FLSA.

25. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

26. Defendants, and each of them, are sued in both their individual and corporate capacities.

-6-

27. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

28. At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

29. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

30. At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

31. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

32. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

33. At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

34. At all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members. At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control. In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff and the Collective Members.

## FACTUAL ALLEGATIONS

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants own and/or operate as Saguaro Landscaping and Pools Service, L.L.C., an enterprise located in Maricopa County, Arizona.

37. Saguaro Landscaping and Pools Service, L.L.C. is an enterprise that is a self-described "Tree Cutting Service • Swimming Pool & Hot Tub Service • Landscape Company" whose primary marketplace offering is landscaping services, including "Landscaping & Pool service as well as maintenance," that "provide[s] [customers] with any and all landscaping services."

38. On approximately September 1, 2016, Plaintiff began employment with Defendants as a landscaping technician foreman, performing various repetitive tasks such as lawn mowing and edging; weed control; fertilization; pet waste removal; de-thatching; winder lawn over-seeding; installing sod; planting, pruning, shaping, cutting back, thinning, fertilizing, and removing trees; palm tree cleaning and shaving; repairing and installing pool equipment; draining pools; acid washing pools; fixing pool leaks; cleaning and repair pool tile; cleaning pool filters; installing, cleaning, and repairing masonry; installing and repairing irrigation, including drips and bubblers; installation and removal rock and gravel; installing landscaping and pool lighting; building and repairing fireplaces, fire pits, and barbeques; and other landscaping and pool service-related work.

39. Rather than classify their Landscaping Foremen and Technicians as employees, Defendants classified them as independent contractors.

-8-

40. Defendants misclassified all of their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, as independent contractors.

41. Despite Defendants having misclassified all of their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, as independent contractors, Plaintiff and the Collective Members were actually employees, as defined by the FLSA, 29 U.S.C. § 201 et seq.

42. All of Defendants' Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, in their work for Defendants, used Defendants' equipment and wore company uniforms.

43. Defendants controlled their Landscaping Foremen and Technicians' schedules, including those of Plaintiff and the Collective Members.

44. At all relevant times, Plaintiff and the Collective Members were economically dependent on Defendants.

45. The following further demonstrate that their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, were employees:

   a. Defendants had the exclusive right to hire and fire their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members;

   b. Defendants made the decision not to pay overtime to their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members;

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

      c.      Defendants supervised their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, and subjected them to Defendants' rules;

      d.      Defendants' Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, had no financial investment with Defendants' business;

      e.      Defendants' Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, had no opportunity for profit or loss in the business;

      f.      The services rendered by Defendants' Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, in their work for Defendants was integral to Defendants' business;

      g.      Defendants' Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, were hired as permanent employees, working for Defendants for continuous unspecified amounts of time.

46. At all relevant times, Defendants did not pay Plaintiff or the Collective Members one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

47. Defendants classified their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, as independent contractors to avoid Defendants' obligation to pay their Landscaping Foremen and Technicians, including

-10-

Plaintiff and the Collective Members, one and one half time their regular rates of pay for all hours worked in excess of 40 hours per week.

48. Plaintiff and the Collective Members were non-exempt employees.

49. From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiff and the Collective Members for any of their overtime hours. During this time, Plaintiff and the Collective Members worked approximately between sixty (60) and seventy (70) hours per week.

50. Plaintiff and the Collective Members were generally paid on a weekly, flat rate, and/or per-job basis.

51. Plaintiff and the Collective Members were not managers. Plaintiff and the Collective Members did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

52. Plaintiff's and the Collective Members' primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

53. From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate them for any of their overtime hours.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

54. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

55. Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

56. Therefore, in a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members were subject to Defendants' policy and practice of not paying one and one half times Plaintiff's and the Collective Members' regular rates of pay.

57. In a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked more than 40 hours but were not paid the applicable one and one half times Plaintiff's and the Collective Members' regular rates of pay for time they spent working in excess of 40 hours.

58. Plaintiff believes and therefore claims that Defendants subjected each and every Landscaping Foreman and Technician that they employed, including Plaintiff and the Collective Members, to its policy and specific course of not paying one and one half times Plaintiff's and the Collective Members' regular rates of pay.

59. Plaintiff and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

60. Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

61. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and Collective Members' work and wages at all relevant times.

62. Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## **COLLECTIVE ACTION ALLEGATIONS**

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former Landscaping Foremen and Technicians of Defendants.

65. At all times material, Defendants paid Plaintiff and the Collective Members either a fixed weekly, hourly, flat rate, or per-job rate of compensation.

66. Defendants subjected all of their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, to their policy and practice of

misclassifying their Landscaping Foremen and Technicians, who were actually employees, as independent contractors.

67. Defendants subjected all of their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, to their policy and practice of not paying their Landscaping Foremen and Technicians one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

68. At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying their Landscaping Foremen and Technicians one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

69. Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

70. Plaintiff and the Collective Members were each compensated on a fixed weekly, hourly, flat rate, or per-job rate of compensation basis for the duration of their employment with Defendants.

-14-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

71. The Collective Members perform or have performed the same or similar work as Plaintiff.

72. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff or the Collective Members.

73. While Plaintiff and Defendants have described Plaintiff's and the Collective Members' job titles as Landscaping Foremen and Technicians, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

74. All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper overtime wage compensation for all hours worked in excess of 40 in a given workweek.

75. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

76. As such, Plaintiff brings his FLSA overtime wage claim as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former Landscaping Foremen and Technicians who were not paid one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek,**

**starting three years before this lawsuit was filed up to the present.**

77. Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

78. Defendants are aware or should have been aware that federal law prohibited them from not paying their Landscaping Foremen and Technicians –namely, Plaintiff and the Collective Members–an overtime premium wage for time spent working in excess of 40 hours per given workweek.

79. Defendants' unlawful conduct has been widespread, repeated, and consistent.

80. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

81. Upon information and belief, the individuals similarly situated to Plaintiff include more than thirty (30) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

82. Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to

-16-

Defendants, and by text message to the last known telephone number known to Defendants.

### **DAMAGES**

83. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84. Plaintiff and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 per given workweek for which they were not paid at the federally mandated one and one half times their regular rates of pay.

85. Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

86. Plaintiff and the Collective Members are also entitled to recover their attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

### **COUNT ONE: FAIR LABOR STANDARDS ACT**
### **FAILURE TO PAY OVERTIME**

87. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88. At all relevant times, Defendants engaged in the regular policy and practice of classifying their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, as independent contractors when they were in reality employees as defined by the FLSA.

89. At all relevant times, Defendants did not pay Plaintiff or the Collective Members one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

90. Defendants misclassified their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, as independent contractors to avoid Defendants' obligation to pay their Landscaping Foremen and Technicians, including Plaintiff and the Collective Members, one and one half time their regular rates of pay for all hours worked in excess of 40 hours per week.

91. Defendants engaged in such conduct in direct violation of 29 U.S.C. § 207(a).

92. As such, unpaid overtime wages for such time Plaintiff and the Collective Members worked in excess of 40 hours per given workweek is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

93. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

94. Plaintiff and the Collective Members are therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional

-18-

equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Pete Perez, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

　　i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

　　ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B. For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff and the Collective Members for time they spent working in excess of 40 hours per given workweek;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.  For the Court to provide reasonable incentive awards for Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G.  Such other relief as this Court deems just and proper.

**REQUEST FOR COLLECTIVE ACTION CERTIFICATION**

As to Count I of this Complaint, Plaintiff requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

RESPECTFULLY SUBMITTED this 11th day of May, 2017.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiffs*