**JACKSON WHITE**
40 North Center Street, Suite 200
Mesa, Arizona  85201
Telephone No.:     (480) 464-1111
Facsimile No.:     (480) 464-5692
Email:             centraldocket@jacksonwhitelaw.com
*Attorneys for Defendants*
By:    Michael R. Pruitt, SBN 011792
       Email:    mpruitt@jacksonwhitelaw.com
       Nathaniel J. Hill, SBN 028151
       Email:    nhill@jacksonwhitelaw.com

Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
**THE BENDAU LAW FIRM PLLC**
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Pete Perez, individual, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Saguaro Landscaping and Pool Service, L.L.C., an Arizona Limited Liability Company, and Steve Mascorro and Susana Mascorro, a Married Couple,<br><br>Defendants. | Case No. 2:17-cv-01447-GMS<br><br>**JOINT MOTION TO APPROVE CONFIDENTIAL SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH AND WITHOUT PREJUDICE**<br><br>**(Filed Under Seal)** |

The Parties have reached a settlement.  The fully executed Confidential Settlement Agreement constituting a global settlement of all claims is attached hereto as Exhibit "A." The Parties jointly move this Court for an order approving their Confidential Settlement Agreement, and dismissing all claims of the parties to this settlement with prejudice.

This Motion is supported by the following Memorandum of Points and Authorities, the attached Confidential Settlement Agreement and Declaration, and the Court's entire record herein.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND**

Plaintiffs Pete Perez and Frank Bender are former Saguaro Landscaping and Pool Service, LLC ("Saguaro") workers who held the positions of landscaping foremen and technicians within the three years preceding the filing of this lawsuit.  While working in those positions, Plaintiffs performed various landscaping duties for Saguaro.  Plaintiffs allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") by failing to pay them overtime wages for hours worked in excess of forty per workweek.  Specifically, Plaintiffs argue that Saguaro misclassified them as independent contractors. Plaintiffs allege that Defendants acted willfully and in bad faith by classifying the Plaintiffs as independent contractors and therefore argue that they are entitled to liquidated damages and a three-year statute of limitations, as well as an award of their attorneys' fees.

Defendants deny that Plaintiffs were employees and that they worked in excess of forty hours per week.  Because Plaintiffs were at all times properly classified, Defendants argue that Plaintiffs were properly compensated and are not due any overtime pay or attorneys' fees.  Additionally, Defendants argue that they acted in good faith and had reasonable grounds for classifying Plaintiffs as independent contractors, and therefore Plaintiffs would not be eligible for an award of liquidated damages (or a three-year statute of limitations) even if they were misclassified, which Defendants contend they were not.

Plaintiff Pete Perez filed this lawsuit on May 11, 2017 as a collective action under 29 U.S.C. § 201, *et seq.*  Service was completed on May 12, 2017.  Plaintiffs filed a First Amended Complaint on June 9, 2017 to include Plaintiff Frank Bender.  Plaintiff Perez signed his respective consent to join this action in May 2017.  The parties stipulated to conditionally certify this lawsuit as a collective action which was granted on September 5, 2017.  Notice was sent to the putative class members, and ten individuals returned signed consent to join forms which were filed on September 29, 2017, October 2, 2017,

October 20, 2017, November 8, 2017, and November 20, 2017. On March 15, 2018, the parties reached a compromise for all parties and all claims.

The parties have subsequently memorialized all of the terms of their settlement in the Confidential Settlement Agreement and Release of Claims (the "Confidential Settlement Agreement") attached hereto as Exhibit "A". All Plaintiffs, Opt-In Plaintiffs (except Arturo D. Biarco, Silverio M. Soto and Romario Sotelo) and Defendants have signed the Confidential Settlement Agreement. The parties stipulate that they had a bona fide dispute and they are resolving this matter in order to avoid the time, expense and uncertainty of continued litigation. The parties attest to the fairness and reasonableness of their settlement and request that the Court approve the settlement and dismiss all claims with prejudice.

## II.   LEGAL ANALYSIS

### A.   The Settlement of Plaintiffs' and Opt-In Plaintiffs' Claims Should Be Approved.

Where a plaintiff brings an FLSA action, the parties must seek approval of the settlement agreement to ensure that it is enforceable and fair. *Fontes v. Drywood Plus, Inc.*, No. CV-13-1901-PHX-LOA, 2013 WL 6228652, at *5 (Dec. 2, 2013) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982)). "In reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." *Id*. at *6. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute . . . the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Luo v. Zynga Inc.*, No. 13-CV-00186 NC, 2014 WL 457742, at *2 (N.D. Cal. Jan. 31, 2014) (quoting *Lynn's Food Stores,* 679 F.2d at 1355).

Here, there exists a bona fide dispute regarding whether Plaintiffs were employees or independent contractors, and whether Plaintiffs worked in excess of forty hours per week. Plaintiffs and Opt-In Plaintiffs were paid a daily work rate on average between

3

$90.00 to $110.00 per day. Defendants argue that they were not violating the FLSA by classifying and paying Plaintiffs as independent contractors using a daily rate of pay. Plaintiffs and Opt-In Plaintiffs argue that Defendants sufficiently controlled them such that they were employees of Defendants under the FLSA and that they generally worked over forty hours in a workweek.

In the event that Plaintiffs and Opt-In Plaintiffs were misclassified as independent contractors, there exists a bona fide dispute regarding how many hours each individual actually worked per week. The parties have differing calculations of hours worked each workweek and the effective hourly rates for each workweek. The parties have agreed to settle Plaintiffs' claims for the gross amount reflected in their Confidential Settlement Agreement, with a portion of that amount being paid to Plaintiffs and Opt-In Plaintiffs in connection with their FLSA claims and a portion of that amount allocated to attorneys' fees and costs. *See Fontes*, 2013 WL 6228652, at *5 (citing *Lynn's Foods*, 679 F.2d at 1352) ("FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions."). In support of Plaintiffs' request for approval of attorneys' fees and costs, Plaintiffs have included as Exhibit "B", Declaration of Clifford P. Bendau, II in Support of Joint Motion to Approve Confidential Settlement Agreement and Stipulation of Dismissal With and Without Prejudice.

There also exists a bona fide dispute regarding whether Defendants acted in good faith and had reasonable grounds for believing that the Plaintiffs and Opt-In Plaintiffs were properly classified as independent contractors. Thus, the parties disagree over whether Defendants can meet their burden of avoiding liquidated damages by establishing that: (1) "the act or omission giving rise to such action was in good faith," and that (2) "he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Peterson v. Snodgrass*, 683 F. Supp. 2d 1107, 1127 (D. Or. 2010) (citing 29 U.S.C. § 260).

Finally, there exists a bona fide dispute whether Plaintiffs could prove that Defendants engaged in a "willful" violation of the Act in order to avail themselves of the

4

three year statute of limitations. 29 U.S.C. § 255(a) (providing a three-year statute of limitations for willful violations of the FLSA); *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (a violation of the FLSA is willful if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].").

Finally, Opt-In Plaintiffs Arturo D. Biarco, Silverio M. Soto, and Romario Sotelo have not responded to Plaintiffs' counsel's communications since they joined the lawsuit on October 20, 2017 [Dkt. 37], November 7, 2017 [Dkt. 39] and November 20, 2017 [Dkt. 40]. Therefore, the parties request that Opt-In Plaintiffs Biarco, Soto and Sotelo be dismissed without prejudice from this action as to their claims against Defendants.

## III.   CONCLUSION

Based on the foregoing, the parties respectfully request an order from the Court approving their Confidential Settlement Agreement and dismissing all claims with prejudice.

**DATED** this 10th day of May, 2018.

**JACKSON WHITE**

 s/ Michael R. Pruitt
By:    Michael R. Pruitt, SBN 011792
         Nathaniel J. Hill, SBN 028151
40 North Center Street, Suite 200
Mesa, Arizona   85201
*Attorneys for Defendants*

**THE BENDAU LAW FIRM, PLLC**

 s/ Clifford P. Bendau, II (with permission)
By:    Clifford P. Bendau, II
         Christopher J. Bendau
P.O. Box 97066
Phoenix, Arizona 85018
*Attorneys for Plaintiffs*

## Certificate of Service

I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following if CM/ECF registrants this 10th day of May, 2018, to:

Clifford P. Bendau, II
Christopher J. Bendau
**THE BENDAU LAW FIRM PLLC**
P.O. Box 97066
Phoenix, Arizona 85018
*Attorneys for Plaintiffs*

  s/ Caitlin Pruitt

F:\STU\Saguaro Landscaping and Pool Services\District\Joint Motion for Approval of Settlement Agreement and Dismissal With Prejudice.docx